{¶ 17} I concur in judgment only because the majority has gone beyond our task set forth in App.R. 12(A)(1)(b) to determine the within appeal on its merits based on the assignments of error set forth in the briefs, the record, and oral argument. The State's sole assignment of error charges that "the court abused its discretion when it suppressed the evidence found in plain view in defendant's automobile."
 {¶ 18} The majority notes that the State argues that the officer did not perform a search of the vehicle, and further that the drugs were in plain view and "rightfully seized." The majority then addresses an alternative argument raised by the appellee that the evidence resulted from his unlawful arrest. I would decide this appeal solely on the State's arguments and affirm the trial court's suppression. I would analyze the facts presented solely under the plain view exception which the State argues and not find that Jackson was under an unlawful arrest, as the majority states.
 {¶ 19} I disagree with the majority's decision to overturn the trial court's factual finding that Jackson was not under arrest at the time the drugs were discovered. I would not disturb the trial court's finding which is supported by competent, credible evidence.
 {¶ 20} In the instant case, both parties agree the plain view doctrine is the exception at issue. A warrantless search or seizure by a law enforcement officer of an object in plain view does not violate the Fourth
Amendment if: (1) the officer did not violate the Fourth Amendment in arriving at the place from which the object could be plainly viewed; (2) the officer has a lawful right of access to the object; and (3) the incriminating nature of the object is immediately apparent. State v.Steward, Cuyahoga App. No. 80993, 2003-Ohio-1337, citing, Horton v.California (1990), 496 U.S. 128, 136-137, 110 L. Ed. 2d 112,110 S. Ct. 2301; State v. Wilmoth (1982), 1 Ohio St.3d 118, 438 N.E.2d 105;State v. Williams (1978), 55 Ohio St.2d 82, 377 N.E.2d 1013.
 {¶ 21} In determining whether the intrusion was lawful, we must examine whether the police activity that led to the discovery of the evidence falls within the proper scope permissible under the "plain view" exception to the warrant requirement. The search was not incident to an arrest. There was no testimony that Officer Goines entered the car out of a concern for weapons or that any exigent circumstances existed that would warrant the intrusion. The officers testified that they placed Jackson under arrest only after Goines located the suspected drugs in the car. Both officers testified that initially they were not sure they were even going to cite Jackson for a traffic offense. Neither officer testified that Jackson gave consent to search the vehicle and there was no evidence that Goines found the drugs while conducting an inventory search.
 {¶ 22} A review of the record does not show that Goines saw the drugs in plain view before opening the car door. If he had seen the drugs prior to getting into the car he would have had the necessary probable cause to enter the car and seize the drugs. State v. Lang (1996),117 Ohio App.3d 29, 36, citing State v. Harris (1994),98 Ohio App.3d 543, 546. The discrepancies in Goines' testimony make it unclear whether he saw the drugs as he opened the car door, as he shined his flashlight in the car, as he sat in the driver's seat, or as he leaned to turn off the engine.
 {¶ 23} The trial court found that the officer did not use turning off the car as a ruse to justify a search. Even if the officer had good intentions, he must still respect the privacy rights of the detained individual. The State argues that it is police policy to turn off running engines in cars during the detention of suspected criminals. The State, however, failed to provide any proof of an official policy, nor was Jackson a "suspected criminal." Goines could have asked Jackson's permission to go into the car to turn off the ignition or allowed Jackson to do it himself. Finding that the intrusion does not fall within an exception to the warrant requirement, I would find that the search was not lawful. Since the State's argument fails to satisfy the first prong of the "plain view" test, I would proceed no further with an evaluation of whether the illegal nature of the plastic bag was immediately apparent.
 {¶ 24} Therefore, I would find that the trial court did not abuse its discretion in suppressing the drugs found in Jackson's car and agree to affirm the judgment.